IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HUMPHREY KEATING,
    Petitioner,

v.

ERIC HOLDER, et al.,
    Respondents

CIVIL NO. 12-CV-2186

(JUDGE NEALON)
(MAGISTRATE JUDGE BLEWITT)

FILED SCRANTON JUN 2 8 2013 PER DEPUTY CLERK

## MEMORANDUM

On November 2, 2012, Petitioner Humphrey Keating, a native and citizen of Jamaica, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by the United States Immigration and Custody Enforcement ("ICE") for more than six (6) months and seeking immediate release from confinement.[1] (Doc. 1), citing Zadvydas v. Davis, 533 U.S. 678 (2001) (establishing a six-month presumptively reasonable period permitted to effectuate an alien's deportation following a final order of removal). At the time his petition was filed, Petitioner was incarcerated at the York County Prison in the Middle District of Pennsylvania. (Doc. 1). On December 19, 2012, Petitioner advised the Court that he had been transferred to the LaSalle Detention Facility in Trout, Louisiana. On June 6, 2013, Magistrate Judge Thomas M. Blewitt filed a Report and Recommendation ("R&R") concluding that this case should be transferred to the Western District of Louisiana, the district of confinement. (Doc. 9).

---

[1] Although Petitioner also requests an award of fees and costs under the Equal Access to Justice Act, such relief is not available to a pro se litigant. See Equere v. Holder, 2013 U.S. Dist. LEXIS 30009, *5-6 (M.D. Pa. 2013) (Nealon, J.) (citing Zucker v. Westinghouse Elec., 374 F.3d 221, 228 (3d Cir. 2004); Koljenovic v. Decker, 2006 U.S. Dist. LEXIS 78755, *11 n.4 (M.D. Pa. 2006) (Munley, J.)).

On June 11, 2013, Respondents filed a suggestion of mootness stating that Petitioner was removed from ICE custody to Jamaica on December 20, 2012. (Doc. 10). Respondents argue that the habeas petition is therefore moot. (Id.), citing Sanchez v. AG, 146 Fed. Appx. 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued detention by ICE was rendered moot once the petitioner was released); DeFoy v. McCullough, 393 F.3d 439, 441 (3d Cir. 2005). On June 18, 2013, the R&R mailed to Petitioner at the LaSalle Detention Facility was returned to this Court as undeliverable due to Petitioner's deportation. See (Doc. 11). For the reasons set forth below, the R&R will not be adopted. Rather, the habeas petition will be dismissed as moot.

**Discussion**

After review, this Court finds no error in the R&R based on the record at the time it was issued. However, in light of new information indicating that Petitioner has been removed to Jamaica, case transfer to the Western District of Louisiana is no longer appropriate.

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." Green v. Decker, 2013 U.S. Dist. LEXIS 82974, *2 (M.D. Pa. 2013) (Kane, J.) (quoting Lane v. Williams, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. See Tahic v. Holder, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011) (Nealon, J.); Nguijol v. Mukasey, 2008 U.S. Dist. LEXIS 95464, *1-2

(M.D. Pa. 2008) (Conner, J.) (dismissing the habeas petition as moot).

Here, the habeas petition challenges only Petitioner's continued detention pending removal. See (Doc. 1). Because Petitioner has since been deported to Jamaica, the petition no longer presents an existing case or controversy. See Tahic, 2011 U.S. Dist. LEXIS 49782 at *3-4 (citing DeFoy, 393 F.3d at 441). Further, Petitioner has received the habeas relief he sought. See Sanchez, 146 Fed. Appx. at 549; Green v. Decker, 2013 U.S. Dist. LEXIS 82974, *1-3 (M.D. Pa. 2013) (Kane, J.) (concluding that the petitioner's removal to Jamaica rendered the habeas petition moot because he received the only relief sought, his release on supervision from ICE custody). Accordingly, the instant habeas corpus petition will be dismissed as moot.

A separate Order will be issued.

Date: June 28, 2013                           United States District Judge

3